## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAJUANA CARMINER** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-787-SDD-SDJ** |
| **THE HOME DEPOT** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 27, 2021.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAJUANA CARMINER** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-787-SDD-SDJ** |
| **THE HOME DEPOT** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are two (2) Motions to Dismiss filed by Defendant, Home Depot U.S.A., Inc. (R. Docs. 11 and 15). Both Motions seek dismissal of Plaintiff's claims based on Federal Rules of Civil Procedure 12(b)(5) and 4(m). While *pro se* Plaintiff LaJuana Carminer ("Plaintiff") arguably filed an opposition to Home Depot's initial Motion to Dismiss (R. Doc. 13), she did not file one in response to Home Depot's second Motion to Dismiss, and the deadline for doing so has passed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 18, 2020, Plaintiff filed a form Complaint[1] against Defendant Home Depot, for whom she previously had worked as a sales associate.[2] In her Complaint, Plaintiff alleges workplace discrimination, particularly concerning her pregnancy, in violation of the Americans with Disabilities Act ("ADA"), as well as harassment and retaliation in a hostile work environment.[3] The same day she filed her Complaint, Plaintiff also filed a Motion to Proceed *in Forma Pauperis*, which this Court granted on January 22, 2021.[4]

---

[1] R. Doc. 1.
[2] R. Doc. 1-2 at 55.  It appears Plaintiff's employment with Home Depot ended on October 30, 2020.  R. Doc. 2 at 1.
[3] R. Doc. 1 at 1.
[4] R. Docs. 2 and 5.

Home Depot filed its first Motion to Dismiss, here at issue, on August 4, 2021 (R. Doc. 11), alleging insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) based on the Summons issued to Plaintiff on April 15, 2021, and received by Home Depot on July 2, 2021.[5]  In response, on August 27, 2021, Plaintiff filed with the Court a letter addressed to the undersigned, which the Court interprets as an Opposition to Home Depot's Motion to Dismiss (R. Doc. 13), in that Plaintiff asks that Home Depot's Motion to Dismiss be "dismiss[ed]" and states that "[she] personally correct everything and summons of the Homedepot correctly with a proper service of process."[6]  Plaintiff requested a revised Summons from the Court that same day (R. Doc. 12), which was issued to Plaintiff on August 27, 2021, for service on Home Depot (R. Doc. 14).  Subsequently, on October 13, 2021, Home Depot filed its second Motion to Dismiss (R. Doc. 15), alleging it still had not been properly served in this suit.  Plaintiff has not filed an opposition to that Motion, and the deadline for doing so has passed.

## II.    LAW AND ANALYSIS

### A.    Applicable Law

"A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum."  *Thompson v. Deutsche Bank Nat'l Trust Co.,* 775 F.3d 298, 303 (5th Cir. 2014) (emphasis in original).  Proper service is critical because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process."  *Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1159 (5th Cir. 1979).  Indeed, "[a] court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant."  *Trust Co. of La. v. N.N.P. Inc.,* 104 F.3d 1478, 1486 (5th Cir. 1997) (quoting *Broadcast Music, Inc. v. M.T.S. Enters.,* 811 F.2d 278, 281 (5th Cir. 1987)).  If a plaintiff fails to

---

[5] *See* R. Docs. 8 and 9; R. Doc. 11-1 at 3.
[6] R. Doc. 13 at 1.

properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.,* 213 F.App'x 343, 344 (5th Cir. 2007). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)). As set forth in Rule 4(c)(1), a summons must be served with a copy of the complaint, and the plaintiff is responsible for having the summons and complaint served on the defendant within the time allowed by Rule 4(m). Rule 4(m) then specifies that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, if a plaintiff demonstrates good cause for the failure to timely serve, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

    **B.**    **Service of Process on Home Depot**

In its initial Motion to Dismiss, Home Depot claims that on July 2, 2021, its Customer Care Department at its Store Support Center located in Atlanta, Georgia, "received a regular envelope by U.S. Mail with the one-page summons—but no copy of the Complaint."[7] That summons was addressed to "Home Depot Support Center, Corporate Office, 2455 Paces Ferry Rd SE, Atlanta GA 30339."[8] Per Home Depot, not only did this service attempt fall well beyond the 90-day limit set forth in Rule 4, but it was also deficient in that it did not include a copy of Plaintiff's

---

[7] R. Doc. 11-1 at 3.
[8] *Id.*

Complaint.[9]  In addition, Home Depot claims that this attempt also did not comply with the requirements for service of process on a corporation set forth in Rule 4(h)(1)[10] in that it was mailed rather than personally served, that it was not sent to a registered agent for service of process for Home Depot, and that it was directed to "Home Depot Support Center," a non-existent entity.[11]

Following Home Depot's initial Motion to Dismiss, Plaintiff requested another Summons, which was issued on August 27, 2021.[12]  This revised Summons was directed to "The Home Depot, Inc., CSC of St. Tammany Parish, Inc., 4600 Highway 22, Suite 9, Mandeville, LA 70471,"[13] which Home Depot previously identified as its registered agent for service of process in Louisiana.[14]  It was served on "Gayle Kentry" of CSC St. Tammany Parish on September 23, 2021.[15]  However, once again, per Home Depot, a copy of the Complaint was not included with the Summons; rather, a letter from Plaintiff to this Court that she filed on August 24, 2021,[16] was included with the Summons.[17]  Service, therefore, was deficient.

While proceeding *pro se* "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (citation omitted), the District Court has wide discretion in determining whether to dismiss an action for

---

[9] *Id.* at 4.
[10] Rule 4(h), which governs service on a domestic corporation, provides in pertinent part:
**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
    **(1)**    in a judicial district of the United States:
        **(A)**    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
        **(B)**    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant …
[11] R. Doc. 11-1 at 5-6.
[12] R. Doc. 15-1 at 9; R. Doc. 14.
[13] R. Doc. 14.
[14] R. Doc. 11-1 at 5.
[15] R. Doc. 16.
[16] R. Doc. 13.
[17] R. Doc. 15-1 at 6.

insufficient service, and courts often give *pro se* litigants leeway in correcting defects in service of process. *Lisson v. ING GROEP N.V.,* 262 F.App'x. 567, 571 (5th Cir. 2007). *See also Dow Disaster Restoration, LLC v. Favre*, No. 20-155, 2020 WL 8409097, at * 3 (S.D. Miss. Sept. 1, 2020) (being "mindful of the Court's preference for merits-based resolution of civil disputes" and giving plaintiffs an additional 30 days to properly effect service); *Price v. Housing Auth. of New Orleans*, No. 09-4257, 2010 WL 3802553, at *2 (E.D. La. Sept. 20, 2010) ("The rules governing service of process are applied to a *pro se* and *in forma pauperis* plaintiff in a 'special' and 'more lenient' manner."). Here, Plaintiff clearly is continuing to attempt to effect proper service on Home Depot. In light of Plaintiff's continued efforts, as well as her *pro se* status, the Court recommends that Plaintiff be granted 21 days to properly serve Home Depot, which proper service will require a copy of Plaintiff's Complaint being served with Summons directed to a registered agent of Home Depot. *See, e.g., Chilean Nitrate Corp. v. M/V HANS LEONHARDT*, 810 F.Supp. 732, 735 (E.D.La.1992) (plaintiff's "four attempts to properly serve defendant" constituted a good faith attempt at service; "dismissal is appropriate only where the plaintiff has made little or no effort to effect proper service."). In light of this determination, the Court recommends that Home Depot's initial Motion to Dismiss, which was superseded by its more recent Motion to Dismiss, be denied as moot. It also recommends that Home Depot's second Motion to Dismiss be denied without prejudice, preserving Home Depot's right to refile it should Plaintiff, once again, fail to properly effect service.

## IV.     CONCLUSION AND RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Home Depot's first Motion to Dismiss (R. Doc. 11) be **DENIED AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Home Depot's second Motion to Dismiss (R. Doc. 15) be **DENIED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on December 27, 2021.

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**