## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAJUANA CARMINER** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-787-SDD-SDJ** |
| **THE HOME DEPOT** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 3, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAJUANA CARMINER                                             CIVIL ACTION NO.

VERSUS                                                              20-787-SDD-SDJ

THE HOME DEPOT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court are the following two Motions: (1) a Renewed Motion to Dismiss, filed by Defendant Home Depot U.S.A., Inc. (R. Doc. 23), seeking dismissal of Plaintiff's claims based on Federal Rules of Civil Procedure 12(b)(5), 4(m), and 41(b); and (2) a Motion to Appoint Counsel, filed by *pro se* Plaintiff, LaJuana Carminer (R. Doc. 27). Plaintiff arguably filed an opposition to Home Depot's Motion to Dismiss (R. Doc. 24). No opposition to Plaintiff's Motion to Appoint Counsel has been filed, and the deadline for doing so has passed. For the reasons set forth below, it is recommended that Home Depot's Motion to Dismiss be **granted** and Plaintiff's Motion to Appoint Counsel be **denied**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On November 18, 2020, Plaintiff filed a form Complaint[1] against Defendant Home Depot, for whom she previously worked as a sales associate.[2] In her Complaint, Plaintiff alleges workplace discrimination, particularly concerning her pregnancy, in violation of the Americans with Disabilities Act ("ADA"), as well as harassment and retaliation in a hostile work

---
[1] R. Doc. 1.
[2] R. Doc. 1-2 at 55. It appears Plaintiff's employment with Home Depot ended on October 30, 2020. R. Doc. 2 at 1.

environment.³ The same day she filed her Complaint, Plaintiff also filed a Motion to Proceed *in Forma Pauperis*, which this Court granted on January 22, 2021.⁴

Home Depot filed its first Motion to Dismiss on August 4, 2021 (R. Doc. 11), alleging insufficiency of service of process pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) based on the Summons issued to Plaintiff on April 15, 2021, both because it was not served on a registered agent of Home Depot and because a copy of Plaintiff's Complaint was not attached.⁵ On August 24, 2021, Plaintiff requested a revised Summons from the Court (R. Doc. 12), which was issued on August 27, 2021 (R. Doc. 14). Subsequently, on October 13, 2021, Home Depot filed its second Motion to Dismiss (R. Doc. 15), alleging it still had not been properly served in this suit because a copy of Plaintiff's Complaint still did not accompany the revised Summons.⁶ On December 27, 2021, the undersigned issued a Report and Recommendation recommending that Home Depot's first Motion to Dismiss be denied as moot in light of its subsequent Motion to Dismiss, and Home Depot's second Motion to Dismiss be denied without prejudice.⁷ The Report and Recommendation also recommended that "[i]n light of Plaintiff's continued efforts, as well as her *pro se* status," that she "be granted 21 days to properly serve Home Depot, which proper service will require a copy of Plaintiff's Complaint being served with Summons directed to a registered agent of Home Depot."⁸ This Report and Recommendation was adopted by the District Judge on January 5, 2022 (R. Doc. 21). Subsequently, on February 9, 2022, Home Depot filed its instant Renewed Motion to Dismiss, claiming Plaintiff still has failed to effectuate proper service against it and seeking dismissal of her claims pursuant to Rules 12(b)(5), 4(m), and 41(b).⁹

---

³ R. Doc. 1 at 1.
⁴ R. Docs. 2 and 5.
⁵ *See* R. Docs. 8 and 9; R. Doc. 11-1 at 3.
⁶ R. Doc. 15 at 1.
⁷ R. Doc. 19 at 6-7.
⁸ *Id.* at 6.
⁹ R. Doc. 23 at 1.

## II.    LAW AND ANALYSIS

### A.    Home Depot's Motion to Dismiss

"A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat'l Trust Co.,* 775 F.3d 298, 303 (5th Cir. 2014) (emphasis in original).  Proper service is critical because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1159 (5th Cir. 1979).  Indeed, "[a] court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant." *Trust Co. of La. v. N.N.P. Inc.,* 104 F.3d 1478, 1486 (5th Cir. 1997) (quoting *Broadcast Music, Inc. v. M.T.S. Enters.,* 811 F.2d 278, 281 (5th Cir. 1987)).  If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss the plaintiff's complaint under Rule 12(b)(5).  *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.,* 213 F.App'x 343, 344 (5th Cir. 2007).  The burden of demonstrating the validity of service when an objection is made lies with the party making service.  *Id.*  (citing *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992)).  As set forth in Rule 4(c)(1), a summons must be served with a copy of the complaint, and the plaintiff is responsible for having the summons and complaint served on the defendant within the time allowed by Rule 4(m).  Rule 4(m) then specifies that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

specified time." However, if a plaintiff demonstrates good cause for the failure to timely serve, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

As detailed in the Report and Recommendation previously issued by the undersigned, Home Depot, in its first Motion to Dismiss, claimed that on July 2, 2021, its Customer Care Department at its Store Support Center located in Atlanta, Georgia, received a summons by U.S. Mail, but no copy of the Complaint.[10] This effort was further deficient in that it was not sent to a registered agent for service of process for Home Depot, a corporation, in accordance with Rule 4(h)(1).[11] After Home Depot filed this initial Motion to Dismiss, Plaintiff requested another Summons, which was issued on August 27, 2021.[12] This revised Summons was directed to Home Depot's registered agent for service of process in Louisiana, and was served on September 23, 2021.[13] However, once again, a copy of the Complaint was not included with the Summons, rendering service again deficient.[14] As set forth above, the Court subsequently issued its Ruling denying Home Depot's second Motion to Dismiss without prejudice, preserving Home Depot's right to refile it should Plaintiff, who was given 21 additional days to effect proper service and correct the deficiencies that were explicitly identified for her in the Report and Recommendation, fail to properly serve Home Depot. However, as alleged by Home Depot in the instant Motion to

---

[10] R. Doc. 11-1 at 3; R. Doc. 19 at 4-5.
[11] Rule 4(h), which governs service on a domestic corporation, provides in pertinent part:
**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
    **(1)**    in a judicial district of the United States:
        **(A)**    in the manner prescribed by Rule 4(e)(1) for serving an individual; or
        **(B)**    by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant …
[12] R. Doc. 15-1 at 9; R. Doc. 14.
[13] R. Doc. 14; R. Doc. 11-1 at 5; R. Doc. 16.
[14] R. Doc. 15-1 at 6.

Dismiss, and not contradicted by Plaintiff in any manner, "[d]espite the Court's Order clearly setting forth the requirements for Plaintiff to proceed, Plaintiff made **no attempt** to comply."[15]

      Here, while Plaintiff initially demonstrated continued effort to effect proper service, after the Court explained her deficiencies and instructed her how to comply with the applicable Rules of Civil Procedure, she failed to even attempt proper service. No further effort has been made. This case has been pending almost one and a half years, and during that time, Plaintiff has failed to properly serve Home Depot. In addition, despite this Court's 21-day deadline for re-serving Home Depot, approximately four (4) months have passed since this Court issued its prior Ruling, with no activity from Plaintiff. This is not sufficient. While proceeding *pro se* "does not exempt a party from compliance with relevant rules of procedural and substantive law," *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (citation omitted), the District Court has wide discretion in determining whether to dismiss an action for insufficient service. *Lisson v. ING GROEP N.V.,* 262 F.App'x. 567, 571 (5th Cir. 2007). And while courts often give *pro se* litigants leeway in correcting defects in service of process, *Id.*, this Court has already granted Plaintiff such leeway, to no avail. *See Furr v. City of Baker*, No. 15-426, 2017 WL 3496497, at *2 (M.D. La. Aug. 15, 2017) ("The fact that the plaintiff is *pro se* does not excuse the failure to properly effect service of process."); *Parker v. Webber*, No. 11-82, 2013 WL 2147195, at *3 (M.D. La. Apr. 25, 2013) ("once a plaintiff is placed on notice of deficiencies in service, [she] may not 'remain silent and do nothing to effectuate such service.'") (quoting *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir. 1987)). Given Plaintiff's inactivity and continued failure to effect proper service on Defendant, it is recommended that Defendant's renewed Motion to Dismiss be granted. *See Furr*, 2017 WL 3496497, at *9 ("Nonetheless, when the failure of effective service may be ascribed to the

---

[15] R. Doc. 23-1 at 1 (emphasis in original).

plaintiff's 'dilatoriness or fault' or 'inaction,' the case may properly be dismissed.") (quoting *Mayeaux v. McKee*, No. 14-72, 2014 WL 7186275, at *2 (M.D. La. Dec. 16, 2014)).

### B.     Plaintiff's Motion to Appoint Counsel

This is Plaintiff's third Motion to Appoint Counsel. Plaintiff first filed a Motion to Appoint Counsel (R. Doc. 10) on June 25, 2021, which this Court denied, providing detailed reasons therefor, on December 23, 2021 (R. Doc. 18). Plaintiff's second Motion to Appoint Counsel, which did not provide any new information or argument supporting her request, was filed on February 10, 2022 (R. Doc. 25) and denied by this Court on March 15, 2022 (R. Doc. 26). Two days after this Court's denial of her second request, Plaintiff filed the instant third Motion to Appoint Counsel in which, without referencing her prior Motions to Appoint Counsel, or the Court's denial thereof, she simply again asks that counsel be appointed for her because she "can't afford a lawyer at this time" because she is "not working at the moment due to [her] health."[16] No additional information is provided.

In her Motion, Plaintiff once again does not specify whether this is a renewed Motion to Appoint Counsel or a motion to reconsider the Court's prior ruling.[17] As previously explained by this Court in its prior Order,[18] under either analysis, the Motion fails. If a renewed motion, Plaintiff has provided no new information or argument that would change the Court's prior analysis that appointment of counsel is not warranted in this case. Even if the Court were to consider it a Motion for Reconsideration, it still fails. First, the Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d

---

[16] R. Doc. 27 at 1.
[17] The Court does not consider Plaintiff's Motion a request for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure, as it neither concerns the correction of a clerical mistake or mistake arising from oversight or omission by the Court nor seeks relief from a final order. *See* Fed. R. Civ. P. 60(a)-(b).
[18] *See* R. Doc. 26.

326, 328 n.1 (5th Cir. 2004). In addition, motions for reconsideration are permitted only in limited situations, primarily "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Neither situation is present here. Moreover, a district court's denial of a motion for reconsideration is reviewed for abuse of discretion, and motions for reconsideration should only be used sparingly. *See LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005).

Here, once again, Plaintiff has provided no basis for relief from the previous two Orders of this Court denying her appointment of counsel. No additional facts or any authority suggesting a manifest error of law are provided. As all three of Plaintiff's Motions to Appoint Counsel are extremely similar, all of the information in the instant Motion, which admittedly is very little, was before the Court when it reached its ruling on Plaintiff's first and second Motions to Appoint Counsel. Plaintiff has presented nothing to change or challenge this Court's prior rulings. *See Pickard v. Vacek*, No. 07-817, 2008 WL 11348005, at *2 (E.D. Tex. Jan. 10, 2008) (denying motion to reconsider motion to appoint counsel when defendant "[did] not present any facts or authority" and that all of the information "was before the Court when it reached its ruling on the original motion for appointment of counsel"); *see also Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E.D. Tex. 1995) ("An ADA plaintiff has no absolute right to an appointed counsel.").

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons,

**IT IS RECOMMENDED** that Home Depot's Renewed Motion to Dismiss (R. Doc. 23) be **GRANTED** and that all claims against Home Depot be dismissed **without prejudice**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Appoint Counsel (R. Doc. 27) be **DENIED.**

Signed in Baton Rouge, Louisiana, on May 3, 2022.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**